Barbour, Ch. J.
The judgment seems to be erroneous in form. It ought, probably, to have directed the plaintiff to pay the money into court, in case the defendant should decline to receive it, instead of requiring him to forfeit or endanger his right of appeal by accepting the amount awarded to him in the judgment, or to hazard the ultimate recovery of the money so awarded, by refusing to receive it when tendered to him. But, as no point is made by the appellant’s counsel upon that question, it is not necessary for us to consider it further.
In former times, the right of a lessee to invoke the interposition o'f a court of equity in matters' of this character, was founded upon the necessity of the case. It was because the defendant in an action of ejectment, brought to enforce a covenant of forfeiture, was wholly remediless at law, and, therefore, courts of equity would entertain jurisdiction of his suit, founded upon sufficient facts, for the purpose of administering justice between the parties according to the benign principles of equity and good conscience. The one hundred and fiftieth section of the Code, however, now permits a defendant to set forth by answer as many defenses and counter-claims as he may have, whether they be such as have heretofore been denominated legal or equitable, or both;” and, of course, a suit of this character is not necessary for the protection of the equitable, or any, rights of a tenant against whom an action of ejectment has been brought by his landlord to obtain possession of the demised premises because of a violation of the covenant of the former to pay taxes and assessments. If he is entitled to any *186 relief in equity, he may obtain it by means of a proper answer in the ejectment suit itself.
It is true, the taxes and assessments which the tenant in this case had undertaken to pay were not only unpaid when thu action in ejectment was commenced, but still remained unpaid at the time the answer was put in. But that was Ms own fault. Surely, he was not entitled to any greater favor because of that further failure by him to perform his legal obligation; nor was it necessary for him to institute this action for the purpose of setting up the • equities acquired by him by reason of such payment of taxes, &c., pendente lite. For, if those payments operated as an equitable release and discharge of the term from the legal forfeiture which had been incurred because of the previous failure of the lessee to perform his covenant, they would have constituted a perfect defense to the action of ejectment if duly set forth in a supplemental answer ; and, in that case, certainly, the defendant then would have been entitled, upon a proper motion, to an order permitting him to put in such an answer.
Assuming, then, as may well be done, that the plaintiff here might have' asserted and protected his equitable rights to the fullest extent in the action of ejectment, and that this suit was, therefore, wholly unnecessary and improper, we may; without pausing to inquire whether the complaint here ought not to have been dismissed for that reason alone, next consider the question whether the bringing and prosecution of this suit by the plaintiff therein, did not, under •the facts and circumstances of the case, constitute such a violation by him .of the fundamental principles of equity as ought to deprive him of any equitable right he might otherwise have had to the relief prayed for.
Saying nothing of the omission of the lessee, for several years, to pay the assessments and taxes, it was, obviously, his duty as an honest man, to pay all the *187 back taxes and assessments and to redeem the property from the tax sales which had been had, immediately upon and after the commencement of the action of ejectment. If he had done that, the lessor’s property would have been released from the dangerous liens upon it, and he could have used it for the purpose of obtaining a loan, if he desired to do so, at once ; and it is possible that the latter would then have been willing to release the lessee from his forfeiture, on proper terms as to costs. If not, the making of such payments, within the three months which had elapsed before the answer was served and the averment thereof in such answer, would have left nothing to be determined in the ejectment suit, except the single question whether the defendant ought, under the rules and principles which control the decisions of the courts in equity in such cases, to be relieved from the forfeiture which had legally attached. But, instead of paying the back taxes and assessments and redeeming the premises from the tax sales immediately upon the commencement of the action of ejectment, the lessee suffered more than three months to pass away before he put in an answer, and then falsely denied therein the fact alleged in the complaint, that certain taxes (other than those fbr which the premises had been sold) remained unpaid; thus raising an issue by the averment of a denial which he, himself, proved upon the trial to be untrue, and which delayed the trial for several months more, and until the cause could be reached in its regular order upon the calendar; and it was not until he had thus delayed the lessor for about ten months, during all which time the premises remained charged with the lien of the unpaid taxes, that he paid the same. And, even then, instead of obtaining leave and serving a supplemental answer setting up such payment in the ejectment suit, where he could have obtained all the substantial relief to which ho could be entitled in *188 any action, he still further delayed the lessor in obtaining the determination of the litigation, by bringing this unnecessary suit and obtaining an injunction restraining the latter from proceeding with his action of ejectment, until this suit in equity could be reached upon the calendar, tried, and determined.
Considering all these facts, thus stated, I have arrived at the conclusion that the plaintiff was not entitled to any relief in this action, and that a judgment ought to have been rendered upon the pleadings r and proofs dismissing the complaint with costs, upon the ground, first, that the suit was wholly unnecessary, inasmuch as the plaintiff therein could have obtained all the relief to which he was entitled, if any, by paying the taxes and setting up in his answer in the action of ejectment the same facts, substantially, which form the subject matter of his complaint here; and, secondly, because the bringing of such unnecessary suit, the procuring of an injunction therein, and the prosecution thereof, under the circumstances above detailed, together with the conduct of the plaintiff in delaying the determination of the action of ejectment by putting in an answer which was untrue, constituted such breaches of the rules of equity and good conscience as deprived Mm of all claims to equitable relief in tMs suit.
Having arrived at this conclusion, it is unnecessary to consider the question whether-a covenant on the part of a lessee to pay taxes as they become due and payable, is a covenant for the payment of money, merely ; or whether one who has thus covenanted and who has legally forfeited Ms term because of a breach thereof, is entitled to relief in equity within the principle of adjudicated cases.
The' judgment should be reversed, and a judgment entered dismissing the complaint, with the costs of the action and appeal.